UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Raymond Jones, *et al*,             Civil No. 12-00095 (PAM/FLN)

          Plaintiffs,

v.                                                      **ORDER**

Best Buy Co., Inc. and
Best Buy Stores, L.P.,

          Defendants.

---

This matter is before the Court on Plaintiff's Motion for Preliminary Approval of Settlement. The Motion is unopposed. Based on the Motion, the Court hereby **ORDERS** the following:

    1.     The Court determines that: (a) the Settlement Class Members meet all of the requirements of Rule 23 and the Settlement Class is maintainable under Rule 23(b)(3); (b) Plaintiff and Class Counsel are adequate; and (c) there is sufficient unity of interest among the Settlement Class Members to support the certification of the Settlement Class Members for settlement purposes only in accordance with the Confidential Joint Stipulation of Settlement Agreement and Release ("Stipulation").

    2.     The Court therefore certifies in accordance with the Stipulation and for purposes of settlement only, the following Settlement Class:

> All individuals who are or were employed by Best Buy Stores at any retail store in the State of Illinois in the position of Asset Protection Specialist at any time from January 12, 2009 through the date of this Order and who clocked out any time after the applicable store closing time for the store in which the Asset Protection Specialist was working.

3. The Court appoints Daniel E. Gustafson of the firm Gustafson Gluek, PLLC and Alyson L. Oliver of the firm Oliver Law Group, P.C. as Class Counsel.

4. The Parties shall select a Claim Administrator and advise the Court when they have done so.

5. The Court approves the form of the Class Notice attached to the Parties' Stipulation. The Class Notice is to be mailed by the Claims Administrator, by first class mail, to Settlement Class Members to their last known address within forty-five (45) days of this Order.

6. All objections to the Settlement or requests for exclusion from the proposed Settlement are to be filed by Settlement Class Members with the Court, in accordance with the Stipulation, Class Notice and instructions thereto.

7. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or may be deemed to be an admission of, or evidence of, the validity of any released claim therein, or of any wrongdoing or liability of Defendants and/or their successors; or (b) is or may be deemed to be an admission of, or evidence of, any fault or omission of Defendants and/or their successors in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

8.     A final approval hearing is set for October 10, 2013, at 10:00 a.m.


Dated: July 23, 2013                             *s/ Paul A. Magnuson*
                                                 Paul A. Magnuson
                                                 United States District Court Judge